IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| TEODOR DIMITROV; BORIS DIMITROV; DARIA DIMITROV; SOFRONII DIMITROV,<br><br>    Plaintiffs,<br><br>  vs.<br><br>MAILI TAELE; CAROLINE COBANGBANG; JACOB DELAPLANE; JOHN C. THOMPSON,<br><br>    Defendants. | CIVIL NO. 19-00300 JAO-RT<br><br>ORDER (1) DISMISSING COMPLAINT AND (2) DENYING APPLICATION TO PROCEED IN FORMA PAUPERIS |

ORDER (1) DISMISSING COMPLAINT AND (2) DENYING
APPLICATION TO PROCEED IN FORMA PAUPERIS

Before the Court is Plaintiff Teodor Dimitrov's ("Plaintiff") Application to Proceed In Forma Pauperis ("IFP Application"), filed June 12, 2019. For the reasons set forth below, the Court DISMISSES the Complaint and DENIES the IFP Application.

BACKGROUND

This action appears to arise from a Hawaiʻi family court proceeding that resulted in the placement into state custody of Plaintiff's three minor children. Plaintiff alleges that he and his children were denied a fair trial under the

Constitution and that their rights as dual citizens of the United State and Bulgaria were denied.

DISCUSSION

A. Dismissal of the Complaint Under the In Forma Pauperis Statute – 28 U.S.C. § 1915(e)(2)

Plaintiff requests leave to proceed in forma pauperis. A court may deny leave to proceed in forma pauperis at the outset and dismiss the complaint if it appears from the face of the proposed complaint that the action: (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); *see Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1370 (9th Cir. 1987); *Minetti v. Port of Seattle*, 152 F.3d 1113, 1115 (9th Cir. 1998). When evaluating whether a complaint fails to state a viable claim for screening purposes, the Court applies Federal Rule of Civil Procedure ("FRCP") 8's pleading standard as it does in the context of an FRCP 12(b)(6) motion to dismiss. *See Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012).

FRCP 8(a) requires "a short and plain statement of the grounds for the court's jurisdiction" and "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1)-(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. *Jones v. Cmty. Redev. Agency*,

733 F.2d 646, 649 (9th Cir. 1984). "The Federal Rules require that averments 'be simple, concise and direct.'" *McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996). FRCP 8 does not demand detailed factual allegations. However, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (citations and quotations omitted). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678.

In the present case, even construing the Complaint liberally, *Bernhardt v. Los Angeles Cty.*, 339 F.3d 920, 925 (9th Cir. 2003); *Jackson v. Carey*, 353 F.3d 750, 757 (9th Cir. 2003), the Court finds that dismissal is appropriate because the basis for jurisdiction is unclear and the Complaint fails to state a claim upon which relief can be granted.

Federal courts are presumed to lack subject matter jurisdiction, and the plaintiff bears the burden of establishing that subject matter jurisdiction is proper.

*Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). If the Court lacks subject matter jurisdiction, an action must be dismissed. Fed. R. Civ. P. 12(h)(3). Here, Plaintiff has failed to meet his burden of establishing that subject matter jurisdiction exists. He alleges, in conclusory fashion, that his Constitutional rights were violated. However, he does not identify the federal provisions upon which he bases his claims.

Additionally, the crux of Plaintiff's allegations—that his children are illegally in state custody because of flawed family court procedures—implicate the *Rooker-Feldman* doctrine, which "prohibits a federal district court from exercising subject matter jurisdiction over a suit that is a de facto appeal from a state court judgment." *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1139 (9th Cir. 2004) (citation omitted); *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) (holding that *Rooker-Feldman* is confined to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments").

> If a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision, *Rooker–Feldma*n bars subject matter jurisdiction in federal district court. If, on the other hand, a federal plaintiff asserts as a legal wrong an allegedly illegal act or omission by an adverse party, *Rooker–Feldman* does not bar jurisdiction. If there is simultaneously pending federal and state court litigation between the two parties dealing with the same or related issues, the

> federal district court in some circumstances may abstain or stay proceedings; or if there has been state court litigation that has already gone to judgment, the federal suit may be claim-[or issue-] precluded under [28 U.S.C.] § 1738. But in neither of these circumstances does *Rooker–Feldman* bar jurisdiction.

*Kougasian*, 359 F.3d at 1140. Although the Complaint is not artfully pled, it suggests that Plaintiff might be challenging a family court judgment. Without clarification, the Court is unable to determine whether *Rooker-Feldman* bars jurisdiction.

Not only is the existence of jurisdiction unclear, even assuming jurisdiction exists, Plaintiff does not articulate adequate facts or law to support his claims. He does not identify legal claims, nor any facts corresponding to those claims. Finally, he does not explain how each of the named Defendants caused him harm.

In light of the Complaint's deficiencies and failure to state a claim upon which relief can be granted, it is hereby dismissed. Leave to amend should be granted even if no request to amend the pleading was made, unless the Court determines that the pleading could not possibly be cured by the allegation of other facts. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000); *see also Tripati*, 821 F.2d at 1370. Specifically, "pro se plaintiffs proceeding in forma pauperis must also be given an opportunity to amend their complaint unless it is 'absolutely clear that the deficiencies of the complaint could not be cured by amendment.'" *Tripati*, 821 F.2d 1370 (quoting *Franklin v. Murphy*, 745 F.2d 1221, 1228 n.9 (9th Cir.

1984)); *Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1058 (9th Cir. 2011) (citation omitted) ("If a pro se complaint is dismissed for failure to state a claim, the court must 'freely grant leave to amend' if it is 'at all possible' that the plaintiff could correct pleading deficiencies by alleging different or new facts.").

Notwithstanding the foregoing deficiencies, the Court acknowledges that Plaintiff is proceeding pro se and it is possible that the deficiencies could be cured by amendment. Accordingly, the Court dismisses the Complaint without prejudice and grants Plaintiff leave to amend his Complaint. Any amended complaint—which should be titled "First Amended Complaint"—must be filed by **July 18, 2019** and must cure the deficiencies identified above; that is, Plaintiff must provide sufficient facts and law and should comply with all rules governing pleadings. Failure to timely file an amended pleading will result in the automatic dismissal of this action.

B. <u>Plaintiff Cannot Represent His Minor Children Pro Se</u>

Plaintiff names his minor children as Plaintiffs. A representative "may sue or defend on behalf of a minor" and "[a] minor . . . who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem." Fed. R. Civ. P. 17(c). Even assuming Plaintiff is the legal guardian of the minor children—which does not appear to be the case given the present allegations—he cannot appear as their legal counsel. This is because a non-lawyer "has no

authority to appear as an attorney for others than himself." *Johns v. Cty. of San Diego*, 114 F.3d 874, 877 (9th Cir. 1997) (quoting *C.E. Pope Equity Tr. v. United States*, 818 F.2d 696, 697 (9th Cir. 1987)) (quotations omitted). "The issue of whether a parent can bring a pro se lawsuit on behalf of a minor 'falls squarely within the ambit of the principles that militate against allowing non-lawyers to represent others in court.'" *Johns*, 114 F.3d at 877. Therefore, "a parent or guardian cannot bring an action on behalf of a minor child without retaining a lawyer." *Id.* If Plaintiff elects to file an amended complaint and wishes to name the minor children as Plaintiffs, he must ensure that a proper representative sues on behalf of the minor children. He must also retain counsel to represent the minor children. Plaintiff is cautioned that his failure to comply with these requirements may result in the dismissal of any claims by the minor children that may be asserted in an amended pleading.

C. <u>IFP Application</u>

As for Plaintiff's IFP Application, the Court may authorize the commencement or prosecution of any suit without prepayment of fees by a person who submits an affidavit that the person is unable to pay such fees. 28 U.S.C. § 1915(a)(1). "An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (citing *Adkins*

*v. E.I. Du Pont De Nemours & Co., Inc.*, 335 U.S. 331, 339 (1948)). Absolute destitution is not required to obtain benefits under the IFP statute, but "a plaintiff seeking IFP status must allege poverty 'with some particularity, definiteness and certainty.'" *Id.* (citation omitted). Given the dismissal of the Complaint, the Court DENIES the IFP Application without prejudice.

If Plaintiff elects to file an amended pleading, he must concurrently file an IFP Application that contains complete and accurate responses to all questions <u>or</u> he must pay the applicable filing fee.

## CONCLUSION

In accordance with the foregoing, Court: (1) DISMISSES the Complaint with leave to amend and (2) DENIES Plaintiff's IFP Application.

If Plaintiff elects to file an amended complaint, he must comply with the following requirements:

(1)  Plaintiff's deadline to file an amended complaint is **July 18, 2019**;

(2)  Plaintiff's amended complaint should be titled "First Amended Complaint";

(3)  Plaintiff must cure the deficiencies identified above; and

(4)  Plaintiff must file an IFP Application with the amended complaint <u>or</u> pay the applicable filing fee.

Plaintiff is cautioned that failure to timely file an amended pleading that conforms with this Order <u>and</u> file an IFP Application or pay the applicable filing fee will result in the automatic dismissal of this action.

IT IS SO ORDERED.

DATED:   Honolulu, Hawaiʻi, June 18, 2019.

Jill A. Otake
United States District Judge

CIVIL NO. 19-00300 JAO-RT; *DIMITROV V. TAELE*; ORDER (1) DISMISSING COMPLAINT AND (2) DENYING APPLICATION TO PROCEED IN FORMA PAUPERIS

9