IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| TEODOR DIMITROV; BORIS DIMITROV; DARIA DIMITROV; SOFRONII DIMITROV,<br><br>　　　　Plaintiffs,<br><br>　vs.<br><br>MAILI TAELE; CAROLINE COBANGBANG; JACOB DELAPLANE; JOHN C. THOMPSON,<br><br>　　　　Defendants. | CIVIL NO. 19-00300 JAO-RT<br><br>ORDER DISMISSING ACTION |

## **ORDER DISMISSING ACTION**

Plaintiff Teodor Dimitrov's ("Plaintiff") commenced this action on June 12, 2019. On June 18, 2019, the Court issued an Order (1) Dismissing Complaint and (2) Denying Application to Proceed in Forma Pauperis ("Dismissal Order"). ECF No. 4. The Court dismissed the Complaint because the basis for jurisdiction was unclear and because it failed to state a claim upon which relief could be granted, but authorized Plaintiff to file an amended complaint. *Id.* at 5-6. The Court directed Plaintiff to cure the deficiencies identified in the Dismissal Order and cautioned that his failure to file an amended pleading that conforms with the Dismissal Order would result in the dismissal of the action. *Id.* at 6.

The Court imposed a deadline of July 18, 2019 for Plaintiff to file an amended complaint, along with an IFP Application or the applicable filing fee. *Id.*

To date, Plaintiff has not filed an amended complaint, nor an IFP application or the filing fee.

Courts do not take failures to prosecute and failures to comply with Court orders lightly. Federal Rule of Civil Procedure ("FRCP") 41(b) authorizes the Court to sua sponte dismiss an action for failure "to prosecute or to comply with [the federal] rules or a court order." Fed. R. Civ. P. 41(b); *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005). Unless the Court in its order for dismissal otherwise specifies, a dismissal under this rule operates as an adjudication upon the merits. Fed. R. Civ. P. 41(b).

To determine whether dismissal is appropriate, the Court must consider five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)). Although the Court recognizes that Plaintiff is proceeding pro se, he is not exempt from complying with all applicable rules. Local Rule 83.13 ("Pro

se litigants shall abide by all local, federal, and other applicable rules and/or statutes.").

In view of Plaintiff's violation of the Court's Dismissal Order, and failure to prosecute, the Court finds that the *Pagtalunan* factors support dismissal of this action. The public's interest in expeditious resolution of this litigation strongly favors dismissal, *Pagtalunan*, 291 F.3d at 642 (quoting *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)) ("The public's interest in expeditious resolution of litigation always favors dismissal.") (quotations omitted), as does the Court's need to manage its docket. *Id.* (citing *Ferdik*, 963 F.2d at 1261). Moreover, there is no risk of prejudice to Defendants, as they have yet to be served. Finally, there are no less drastic alternatives available at this time. This case cannot proceed without an operative pleading.

The Court concedes that the public policy favoring disposition of cases on their merits weighs against dismissal. However, considering the totality of the circumstances and because all of the preceding factors favor dismissal, this factor is outweighed.

## CONCLUSION

In accordance with the foregoing, this action is HEREBY DISMISSED.

IT IS SO ORDERED.

DATED: Honolulu, Hawaiʻi, July 24, 2019.



Jill A. Otake
United States District Judge

CIVIL NO. 19-00300 JAO-RT; *DIMITROV V. TAELE*; ORDER DISMISSING ACTION